UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LENA WATTS-ANDERSON,** | ) | **CASE NO. 1:25 CV 1595** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **PATRICIA TURNER-BENNETT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Lena Watts-Anderson, a North Carolina resident, filed this action against Ohio defendants Patricia Turner-Bennett, Joseph Mays, Bryan Hegyes, and Brandon Bliss. (Doc. No. 1). Plaintiff invokes the Court's diversity jurisdiction, and she alleges the state claims of defamation, false light/invasion of privacy, and intentional infliction of emotional distress. On its own review, the Court determines that it lacks subject matter jurisdiction over this action.

In reviewing a *pro se* complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal courts have an independent obligation to examine their own jurisdiction, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct.

596, 107 L. Ed. 2d 603(1990). When a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action"). And because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Plaintiff's complaint alleges diversity jurisdiction.

Diversity jurisdiction exists where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Both diversity of citizenship and the jurisdictional amount must be satisfied to establish diversity jurisdiction. *See Blackwell v. Ohio Truck Sales, LLC*, No. 3:20-cv-222, 2020 WL 6701976, 2020 U.S. Dist. LEXIS 212640, *3 (N.D. Ohio Nov. 13, 2020); 28 U.S.C. § 1332(a)(1). And as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing the Court's authority to hear her case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Diversity jurisdiction does not exist in this case. Even with the benefit of liberal construction, Plaintiff cannot establish the amount-in-controversy requirement. In a federal diversity action, the amount alleged in the complaint will suffice "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount" at the time the

complaint was filed. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "The '[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction.'" *Mosley v. Equifax, Inc.*, Case No. 19-11226, 2019 U.S. Dist. LEXIS 103213, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (quoting *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)).

Here, Plaintiff alleges that she "is entitled to compensation for pains and sufferings in excess of $75,000 ... in the form of compensatory and punitive damages." (Doc. No. 1 at 8, 9, and 11). And the only factual allegations regarding the nature of the injury or damages sustained by Plaintiff as a result of the defendants' actions include statements that Plaintiff "suffered and continues to suffer from sleeplessness, many headaches, humiliation, embarrassment, extreme stress, and often moods of depression that results in loss of appetite" and she was prescribed medication for anxiety and insomnia. (*Id.* at 10, 11). There are no allegations, for example, that Plaintiff incurred medical bills that exceeded the amount in controversy or that she missed work as a result of her purported "sleeplessness, many headaches, humiliation, embarrassment, extreme stress." Plaintiff's claims, rather, are speculative and lack any supporting calculations. *See Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (per curiam) (holding that plaintiff's mere speculation, without any supporting calculations, that the amount in controversy exceeds $75,000 is insufficient to meet § 1332's jurisdictional threshold); *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 677 (S.D. Ohio 2003) (claimed damages that are speculative and immeasurable are insufficient to support a good faith claim for the jurisdictional amount). And Plaintiff cannot in good faith claim the mere cost of medication to treat anxiety

-3-

and insomnia satisfies the jurisdictional amount. *See Turman v. Equifax, Inc.*, No. 5:20-cv-382, 2020 WL 1493859, 2020 U.S. Dist. LEXIS 53379, *5 (N.D. Ohio Mar. 27, 2020) (finding Plaintiff's damages claim speculative and concluding that Plaintiff cannot in good faith claim that the amount in controversy exceeds the jurisdictional amount necessary for the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)).

Additionally, Plaintiff's claim for unspecified punitive damages cannot support a finding that the jurisdictional amount has been satisfied because "such damages must bear some relationship to [Plaintiff's] actual damages." *Turman*, 2020 U.S. Dist. LEXIS 53379, at *5 (quoting *Mosley*, 2019 U.S. Dist. LEXIS 103213, at *4).

Plaintiff has therefore failed to assert a good faith claim that the amount in controversy exceeds the jurisdictional amount necessary for this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, the Court hereby dismisses this action without prejudice for lack of subject matter jurisdiction. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

                                                           8/29/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**